**IT IS ORDERED as set forth below:**



Date: June 17, 2021

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 19-54789-WLH |
| COVINGTON LODGING INC., | CHAPTER 11 |
| Debtor, | |
| COVINGTON LODGING, INC., | ADVERSARY PROCEEDING |
| Plaintiff, | NO. 19-5348-WLH |
| v. | |
| WESTERN WORLD INSURANCE GROUP, | |
| Defendant. | |

**ORDER ON MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF ANITA TAFF**

1

**THIS MATTER** is before the Court on Western World Insurance Group's Motion to Exclude Opinions and Testimony of Anita Taff (Doc. No. 46) (the "Motion"). Covington proposes to offer Ms. Taff as an expert in insurance policy interpretation, and Western World seeks to exclude her testimony in full.

Facts

Covington owns and operates a 48-room, two-story motel at 10101 Alcovy Road in Covington, Georgia, which was insured by Western World. A water leak and sewer backup occurred at the hotel, resulting in damage to the property. The parties dispute the extent the damage is covered by the insurance policy issued by Western World. Covington filed a complaint against Western World alleging 1) breach of contract, 2) bad faith pursuant to O.C.G.A. § 33-4-6, and 3) seeking attorney's fees pursuant to O.C.G.A. § 13-6-11. Western World filed a motion for summary judgment on all three counts of the complaint, which the Court granted as to the second and third claims (Doc. No. 33). The Court found there were genuine issues of material fact about whether the two separate events—the water pipe leak and the sewer backup—resulted in separate damage or whether they simultaneously contributed to the damage, and those issues precluded summary judgment as to the breach of contract claim. The Court has scheduled a trial on the breach of contract claim for July 20, 2021.

Western World filed the Motion on May 17, 2021, seeking to exclude Ms. Taff's testimony pursuant to the Federal Rules of Evidence and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993). Western World contends Ms. Taff's proposed expert opinions are impermissible legal opinions and should be excluded entirely. Defendant filed a response in opposition to the Motion (Doc. No. 47), and Western World filed a reply (Doc. No. 48). After reviewing the Motion and the responses thereto, the Court grants in part and denies in part the Motion.

2

Applicable Law

Federal Rule of Evidence 702, which governs the admission of expert testimony in federal courts, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702. Expert testimony may be "in the form of an opinion or otherwise." Id. In Daubert, the Supreme Court held that federal district courts must ensure that expert testimony or evidence admitted is both relevant and reliable. 509 U.S. at 589-90. Expert testimony is not limited to scientific or technical areas but rather includes all areas of specialized knowledge. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-49 (1999). The use of expert testimony "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge as to the applicable law or the role of the jury in applying that law to the facts before it." U.S. v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) (citing U.S. v. Scop, 846 F.2d 135, 139-40 (2d Cir. 1988); Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 510-11 (2d Cir. 1977)). Determinations of the admissibility of evidence are left to the broad discretion of the court. Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

In the Eleventh Circuit, trial courts must engage in a "rigorous three-part inquiry" in determining the admissibility of expert testimony. Hendrix v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010). Courts must assess whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific,

3

technical, or specialized expertise, to understand the evidence or determine a fact in issue.

Id. "The party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005). Western World takes issue with Ms. Taff's testimony under the third prong.

The final requirement for admissibility of expert testimony, which Western World contests here, is that it assist the trier of fact. Fed. R. Evid. 702(a). Expert testimony will assist the trier of fact if it "concerns matters that are beyond the understanding of the average [layperson]." U.S. v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63 (citation omitted). An expert's testimony on issues of law is therefore inadmissible. Bilzerian, 926 F.2d at 1294. An expert may, however, include factual conclusions and opinions embodying legal conclusions that encroach upon the court's duty to instruct upon the law. Id.

The interpretation of an unambiguous contract provision is the province of the Court. While an expert "is permitted wide latitude to offer opinions, including those that are not based on first-hand knowledge or observation," Daubert, 509 U.S. at 592, the construction of a contract is a matter of law for the court. Progressive Mountain Ins. Co. v. Graybeal, 2012 WL 13018492, at *3 (N.D. Ga. Sept. 20, 2012); see also Montgomery, 898 F.2d at 1541 (finding that the district court abused its discretion by allowing an expert to testify about the scope of insurer's duty to defend under the insurance policy). If, however, a contract is ambiguous, interpretation is a factual matter and expert opinion may be appropriate. R&R Int'l, Inc. v. Manzen, LLC, 2010 WL 3605234, at *18 (S.D. Fla. Sept. 12, 2010).

4

An expert may also testify as to the customary practices in a profession or industry. An expert may offer an opinion as to industry standards but, importantly, an expert "cannot permissibly opine on whether a party had a right to do what it did under *legal* standards." Id. at *19 (emphasis in original). For example, in Day v. Sarasota Drs. Hosp., Inc., the plaintiff contended a hospital charged him allegedly unreasonable rates, and he intended to rely on expert testimony about the billing practices of the hospital under various laws and regulations. 2020 WL 7310757 (M.D. Fla. Dec. 11, 2020). The proposed expert's report discussed the insurance regulatory industry's understanding of "usual and customary" medical charges under the applicable statute. As the court stated, "medical billing standards—or what the insurance regulatory industry understands to be standard practices—are not common knowledge," and, accordingly, the expert could testify as to the standards. Id. at *5. The proposed expert could not, however, testify as to the hospital's legal obligations under the statute and whether the hospital violated the statute, as that would constitute an impermissible legal conclusion. Id. Similarly, in Pereira v. Cogan, the proposed expert gave a number of examples of good corporate practices according to industry and custom, which the court found could be useful, and allowed him to testify as to his opinions on good corporate practices. 281 B.R. 194, 200 (S.D.N.Y. 2002); see also Pacinelli v. Carnival Corp., 2019 WL 3252133, at *6 (S.D. Fla. July 19, 2019) (finding expert testimony on certain industry standards helpful as they were "beyond the common knowledge of the average [layperson]").

The question is whether Ms. Taff's testimony involves matters beyond the understanding of the average layperson so as to be helpful to the Court. At this point, in the absence of a deposition transcript or an affidavit as to her opinions, it is hard to determine whether Ms. Taff's opinions constitute legal opinions. To the extent they do, they are not permissible. But, to the

5

extent that they provide evidence regarding prevailing industry standards regarding insurance contracts, endorsements, and the special meanings of terms employed in the insurance industry such as those relating to anticoncurrent cause clauses or interrelationship of endorsements, exclusions, and other policy provisions, such opinions may be admissible, provided that they otherwise complied with the Federal Rules of Evidence and Daubert. Standard practices in the insurance industry relating to anticoncurrent cause clauses and endorsements are not common knowledge, and Ms. Taff's testimony may be helpful to the Court. It is also significant that, here, the testimony will be presented at a bench trial, so there is no risk of impermissible expert testimony reaching a jury. If Ms. Taff attempts to provide testimony at trial that impermissibly interprets or applies the law, Western World may raise an objection at that time. See Day, 2020 WL 7310757 at *5.

Conclusion

For the reasons stated above,

**IT IS ORDERED** that the Motion is **GRANTED IN PART** to the extent that Ms. Taff intends to opine on Western World's legal obligations under the contract and whether it violated those. The Motion is **DENIED IN PART** at this time to the extent Ms. Taff intends to offer testimony as to standard industry practices, as stated herein, but without prejudice to Western World objecting if such testimony is proffered.

**END OF ORDER**

**Distribution List**

Salvatore J. Serio
Serio Law, Inc.
1302 Milstead Avenue
Conyers, GA 30312

Edward F. Danowitz
Danowitz Legal, P.C.
300 Galleria Parkway, SE
Suite 960
Atlanta, GA 30339-5949

Lewis Andrew Watson
Butler Weihmuller Katz Craig, LLP
Suite 150
11605 N. Community House Road
Charlotte, NC 28277

Covington Lodging Inc.
Attn: Sunita Patel
1659 Centennial Olympic Pkwy. NE
Conyers, GA 30013-6547